UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Vincent-Anthony Hansen,                                File No. 24-cv-2653 (ECT/JFD)

      Plaintiff,

v.                                                                           **OPINION AND ORDER**

Sara Westly, Daniel Getschel, and Minnesota
Department of Revenue,

      Defendants.

---

Vincent-Anthony Hansen, *Pro Se*.

Christopher A. Stafford, Office of the Minnesota Attorney General, St. Paul, MN, for Defendants Sara Westly, Daniel Getschel, and Minnesota Department of Revenue.

---

    *Pro so* Plaintiff Vincent-Anthony Hansen claims that Defendants—the Minnesota Department of Revenue and two Department employees—violated a federal criminal statute and the federal Fair Debt Collection Practices Act when they levied his assets to collect outstanding state tax liabilities. Defendants seek dismissal for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), and alternatively for failure to state a claim under Rule 12(b)(6). The motion will be granted. Mr. Hansen effectively consented to dismissal by not responding to Defendants' motion. Regardless, there is not subject-matter jurisdiction over this case.

I

    The factual record's scope deserves clarification. Generally, a federal court should not consider matters outside the pleadings in resolving a Rule 12(b)(6) motion to dismiss.

*See* Fed. R. Civ. P. 12(d); *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017). The same rule applies to a so-called "facial" challenge to subject-matter jurisdiction—that is, a challenge where the plaintiff's jurisdiction-specific factual allegations are accepted as true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (noting that, in analyzing a facial challenge, a court "restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." (citations omitted)). Here, Defendants advance a facial challenge to subject-matter jurisdiction.

Regardless, the law is clear that several categories of extra-pleading documents appropriately may be considered in resolving a Rule 12(b)(6) motion or a facial challenge to subject-matter jurisdiction. These include "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Zean*, 858 F.3d at 526 (citation omitted). Defendants have submitted several court filings from a related state tax case involving Mr. Hansen and the Department of Revenue. *See* ECF No. 8. The filings in the state tax case are matters of public record. To the extent these documents reflect facts that are not or cannot reasonably be disputed, they will be considered in adjudicating Defendants' motion.

II

Under Minnesota law, the net income of all individual Minnesota residents is subject to taxation. Minn. Stat. § 290.014, subdiv. 1. Every Minnesota resident whose gross

2

income meets a threshold determined annually by the Commissioner of the Department of Revenue must file a state income tax return. Minn. Stat. § 289A.08, subdiv. 1. When a Minnesota resident who is required to file a state income tax return fails to do so, the Commissioner is authorized to make and file a return on the taxpayer's behalf. Minn. Stat. § 270C.33, subdiv. 3. If the individual declines to pay taxes owed, the Department is authorized to levy the taxpayer's property. Minn. Stat. § 270C.67, subdiv. 1.

Mr. Hansen is a Minnesota resident, but he did not file Minnesota state income tax returns from 2016 through 2019. ECF No. 8 at 7, 10, 49.[1] After sending Mr. Hansen notice of the missing filings, the Commissioner created and filed tax returns for Mr. Hansen. *Id.* at 49–50. Based on the returns filed by the Commissioner, the Department sent Mr. Hansen notices of the outstanding taxes he owed. *Id.* at 50–51. Mr. Hansen failed to pay these amounts, prompting the Department to impose a levy on Mr. Hansen's bank account in the amount of $35,123.37. Compl. [ECF No. 1] at 3; ECF No. 8 at 12–13. Ms. Westly and Mr. Getschel are Department employees who Mr. Hansen seems to allege were involved in the Department's suit-prompting actions. *See* Compl. ¶ 2. Mr. Hansen claims the money in his bank account was taken fraudulently in violation of a federal criminal statute, 18 U.S.C. § 242, and in violation of the federal Fair Debt Collection Practices Act ("FDCPA"); he requests damages of one hundred times the amount taken from him. Compl. at 3–4.

---

[1] Page cites are to ECF pagination appearing in a document's upper right corner, not to a document's original pagination.

3

III

Defendants filed their motion to dismiss on August 7, 2024. ECF No. 5. Under the Local Rules, Mr. Hansen had twenty-one days to respond to the motion. D. Minn. LR 7.1(c)(2). Mr. Hansen did not respond by that deadline, and he has not responded since. Mr. Hansen's failure to respond to the motion constitutes a waiver, and the motion would be granted on just this basis. *See Daniel v. Honeywell Int'l Inc.*, No. 22-cv-3184 (ECT/DLM), 2023 WL 6392404, at *2 (D. Minn. Oct. 2, 2023) (noting that a failure to respond to a motion "constitutes a waiver"), *aff'd*, No. 23-3476, 2024 WL 3634227 (8th Cir. Aug. 2, 2024); *Hernandez-Diaz v. Equifax Info. Servs.*, No. 22-cv-2302 (JRT/JFD), 2023 WL 2025123, at *2 (D. Minn. Feb. 15, 2023) ("As a preliminary matter, the Court interprets a failure to respond to a motion to dismiss as a waiver and voluntary dismissal of those claims."); *see also Cox v. Harpsted*, No. 22-cv-0478 (PJS/DJF), 2022 WL 16541087, at *1 (D. Minn. Oct. 28, 2022) (accepting R. & R. and agreeing that the plaintiff's "failure to respond to defendants' motion to dismiss amounts to waiver"); *see also Ernst v. Hinchliff*, 129 F. Supp. 3d 695, 726 (D. Minn. 2015) ("Notwithstanding Plaintiff's pro se status, Plaintiff is still bound to comply with the Local Rules of this Court.").

IV

When reviewing a facial challenge to subject-matter jurisdiction under Rule 12(b)(1), "the court merely [needs] to look and see if plaintiff has sufficiently alleged a basis of subject matter jurisdiction." *Branson Label, Inc. v. City of Branson*, 793 F.3d 910,

4

914 (8th Cir. 2015) (alteration in original) (citation omitted).  Here, the Complaint does not plausibly allege a basis for subject-matter jurisdiction.

Start with Mr. Hansen's claim under 18 U.S.C. § 242.  As Defendants correctly point out, § 242 is a criminal statute that does not authorize a private right of action.  *Logering v. Morrison Cnty. Sheriff's Dep't*, No. 23-cv-0177 (JWB/LIB), 2023 WL 3276515, at *5 (D. Minn. May 5, 2023), *aff'd sub nom. Logering v. Morrison Cnty. Sheriff's Off.*, No. 23-2376, 2023 WL 8713781 (8th Cir. Dec. 18, 2023), *cert. denied sub nom. Logering v. Morrison Cnty. Sheriff's Off.*, 144 S. Ct. 2663 (2024); *see also United States v. Wadena*, 152 F.3d 831, 846 (8th Cir. 1998) ("Only the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 … These statutes do not give rise to a civil action or damages." (quoting *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989))).  "If the plaintiff brings a claim under a federal statute that does not authorize a private right of action, the statute will not support jurisdiction under § 1331."  *Cross v. Fox*, 23 F.4th 797, 800 (8th Cir. 2022).

Mr. Hansen's FDCPA claim implicates Defendants' sovereign immunity.  The Eleventh Amendment generally bars suits against "an unconsenting State … brought in federal courts by her own citizens as well as by citizens of another state."  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (quotation omitted).  Accordingly, federal courts lack subject-matter jurisdiction over a suit against a state unless the state has consented to suit, or Congress has abrogated a state's immunity.  *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238–40 (1985); *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1009 (8th Cir. 1999).  A state's consent to suit must use "the most express language or by

5

such overwhelming implication from the text as [will] leave no room for any other reasonable construction." *Atascadero*, 473 U.S. at 239–40 (alteration in original) (quoting *Edelman v. Jordan*, 415 U.S. 651, 673 (1974)). Similarly, for Congress to abrogate Eleventh Amendment immunity, it must create "an unequivocal expression of congressional intent to overturn the constitutionally guaranteed immunity of the several States." *Id.* (internal quotation omitted) (quoting *Pennhurst*, 465 U.S. at 99).

A suit naming a state's agency or department is considered a suit against a state for purposes of the Eleventh Amendment. *Pennhurst*, 465 U.S. at 100. The Department is an agency of the State of Minnesota. Minn. Stat. § 15.01. It possesses Eleventh Amendment immunity. *Borchardt v. Minnesota*, No. 06-cv-1748 (JSM), 2007 WL 9735422, at *3 (D. Minn. Feb. 7, 2007), *aff'd as modified*, 264 F. App'x 542 (8th Cir. 2008). Mr. Hansen does not allege that the Department has consented to suit, and the FDCPA does not abrogate the Department's immunity. It does the opposite. It expressly does not apply to "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties." 15 U.S.C. § 1692a(6)(C); *see Banks v. ACS Educ.*, 638 F. App'x 587, 589 (9th Cir. 2016) ("Congress has not abrogated state immunity under . . . the FDCPA[.]"); *Owens v. TransUnion, LLC*, No. 4:20-cv-665-SDJ-KPJ, 2021 WL 5778482, at *4 (E.D. Tex. Aug. 2, 2021), *R. & R. accepted*, 2021 WL 4501595 (E.D. Tex. Sept. 30, 2021); *Henderson v. Or. Dep't of Human Servs.*, No. 6:19-cv-00724-MK, 2020 WL 1874116, at *3 (D. Or. Apr. 15, 2020); *Saber v. Wells Fargo Bank, N.A.*, Nos. 19-CV-3526 and 19-CV-3527, 2019 WL 3836656, at *3 (E.D. Pa. Aug. 15, 2019); *Crimone v. McCabe, Weisberg & Conway, P.C.*, No. 2:14-cv-00808-TFM-CRE,

6

2015 WL 3967825, at *7 (W.D. Pa. June 12, 2015), *R. & R. accepted*, 2015 WL 3967825, at *1 (W.D. Pa. June 30, 2015); *Webb v. Tex. Higher Educ. Coordinating Bd.*, No. EP-14-CV-00345-FM, 2014 WL 12594193, at *10 (W.D. Tex. Dec. 12, 2014); *Calo-Rivera v. Banco Popular De Puerto Rico*, No. 05-1832 CCC, 2006 WL 1514377, at *2 (D.P.R. May 31, 2006); *Sorrell v. Ill. Student Assistance Comm'n*, 314 F. Supp. 2d 813, 815–17 (C.D. Ill. 2004).

The Eleventh Amendment also bars damages claims brought against state employees in their official capacities. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *Andrus ex rel. Andrus v. Arkansas*, 197 F.3d 953, 955 (8th Cir. 1999). This is because "[a] suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent." *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) (citing *Graham*, 473 U.S. at 165); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (explaining that a suit against a state official in his or her official capacity "is no different from a suit against the State itself"). "[W]hen a plaintiff's complaint is silent or otherwise ambiguous about the capacity in which the plaintiff is suing the defendant," Eighth Circuit precedent requires "presum[ing] that the plaintiff brings suit against the defendants only in their official capacities." *Remington v. Hoopes*, 611 F. App'x 883, 885 (8th Cir. 2015). Under an exception to this general rule, recognized in *Ex parte Young*, 209 U.S. 123 (1908), "a private party can sue a state officer in his official capacity to enjoin a prospective action that would violate federal law." *281 Care Comm. v. Arneson*, 638 F.3d 621, 632 (8th Cir. 2011). "In *Ex parte Young*, the Supreme Court recognized [Eleventh Amendment] sovereign immunity does not bar 'certain suits seeking declaratory and

7

injunctive relief against state officers in their individual capacities' based on ongoing violations of federal law." *Kodiak Oil & Gas (USA) Inc. v. Burr*, 932 F.3d 1125, 1131 (8th Cir. 2019) (internal citation omitted) (quoting *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)). "The *Ex parte Young* doctrine rests on the premise 'that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes.'" *Kodiak Oil*, 932 F.3d at 1131 (quoting *Va. Off. for Prot. & Advoc. v. Stewart*, 563 U.S. 247, 255 (2011)); *see Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) ("In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether the complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." (cleaned up)).

Here, Ms. Westly and Mr. Getschel are presumed to have been sued in their official capacities because the Complaint is silent on the subject. Mr. Hansen seeks only damages; the Complaint cannot reasonably be construed to seek injunctive or declaratory relief. Compl. at 4. And Mr. Hansen alleges no facts hinting that Ms. Westly or Mr. Getschel might have acted outside the mandate of their official duties. Ms. Westly and Mr. Getschel thus enjoy Eleventh Amendment immunity, meaning subject-matter jurisdiction is lacking over Mr. Hansen's claims against them, too.[2]

---

[2] The seriously attenuated and unsubstantial nature of Mr. Hansen's claims provides another reason to conclude that subject-matter jurisdiction is lacking. *See Okoro v. Garner*, 21 F. App'x 486, 488 (7th Cir. 2001).

## ORDER

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Defendants' Motion to Dismiss [ECF No. 5] is **GRANTED**.

2. This action is **DISMISSED WITHOUT PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 21, 2024

s/ Eric C. Tostrud
Eric C. Tostrud
United States District Court